TIERNEY (UNITED STATES v.). See Case No. 16,517.

---

# Case No. 14,029.

## In re TIFFT.

[17 N. B. R. 502.] [1]

District Court, E. D. New York. April 11, 1878.

BANKRUPTCY — COMPOSITION MEETING — EXAMINATION OF BANKRUPT—EXCUSE FOR NOT ATTENDING—RE-EXAMINATION OF CLAIMS.

1. At an adjourned meeting in composition proceedings, the debtor failed to attend, assigning as a reason that he had already been subjected to an exhaustive examination, that his business was largely a summer business, and at that time required his personal attendance in order to meet the terms of the composition, if accepted. The creditors, by a vote more than sufficient to pass the resolution of composition, resolved that the cause assigned was satisfactory to the meeting. Held, that the vote of such a proportion of creditors is sufficient to terminate the examination of the debtor so far as the meeting is concerned

2. The "other cause" to be assigned by the debtor as a reason for his absence from the meeting is only required to be such as shall be "satisfactory to the meeting."

3. Creditors are in no position to ask the register to permit a re-examination of claims until a petition for such re-examination has been filed in compliance with the provisions of general order 34.

[In the matter of Alanson H. Tifft, a bankrupt. For prior proceedings in this litigation, see Cases Nos. 14,030, 14,031, and 14,036.]

Charles Harris Phelps, for Joseph Scheider & Co.

A. C. Aubery, for bankrupt.

BENEDICT, District Judge. In this case, upon a proceeding for composition, the meeting of creditors was continued on several days, at which time the bankrupt was examined on behalf of one or more of the creditors. Another creditor desiring to examine the bankrupt, who was then absent, the creditors proceeded to consider whether the bankrupt was prevented from attending the meeting by a satisfactory cause. The only cause assigned for the absence of the bankrupt was that stated in a communication made in writing to the meeting by the bankrupt, that he had been already subjected to an exhaustive examination, that his business was largely a summer trade and at that time required his personal attendance in order to meet the terms of his composition, if accepted. The creditors, by a vote of seventy-six to one in number, and fifty-two thousand two hundred and ninety-two dollars and ninety-two cents to three hundred and ninety-six dollars and eighty-five cents in value, resolved that the cause assigned by the bankrupt, which prevented his attendance, was satisfactory to the meeting.

The question is now raised as to the validity of this action on the part of the creditors. On the part of the creditors it is contended that the facts stated by the bankrupt as a reason for his absence do not amount to a prevention of attendance and raised no question for the determination of the meeting, and further that a unanimous vote was necessary to terminate the examination of the bankrupt. The language of the statute is broad, and seems intended to confer upon the meeting of creditors jurisdiction to determine the course to be taken by the meeting in case of absence of the debtor. The general words "other cause" are made subject to no other limitation except that expressed by the words "satisfactory to the meeting." The absence of the debtor from the meeting is the fact that confers jurisdiction on the meeting to pass upon the cause of his absence, and it is left to the meeting to say whether the debtor is prevented from attending by a satisfactory cause. As this power is conferred upon the "meeting" it can be exercised by the meeting as such; ordinarily this would mean a majority of those composing the meeting, but I am not prepared to say that, considering the provisions and object of the statute, it may not be proper to hold that action of the meeting which in effect terminates all further inquiry should be taken by the same number and proportion of creditors as is required to pass and confirm the resolution. But that question does not arise in this case because here the action of the meeting was taken by a vote more than sufficient to pass and confirm the resolution for composition. All that is necessary to decide here, is whether the vote of such a proportion of the creditors is sufficient to terminate the examination of the debtor so far as the meeting is concerned, and my conclusion is that it is sufficient. The remedy for any wrong resulting from such action of the meeting, will doubtless be found in the provision that requires the court to be satisfied that the resolution for composition is for the best interest of all concerned.

---

[1] [Reprinted by permission.]

A question is made as to the action of the register in declining to permit a re-examination of certain claims to be entered into at the meeting of creditors called for composition. As I understand it, the creditors seeking such re-examination were in no position to ask such action of the register, there having been no petition for re-examination filed in compliance with the provisions of general order 34.

[For subsequent proceedings in this litigation, see Cases Nos. 14,033–14,035, and 11 Fed. 463.]